UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLIFFORD EATON,

                              Plaintiff,

              v.

CAPITAL ONE BANK (USA), N.A.,

                              Defendant.

No. 20-CV-5928 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Plaintiff, currently incarcerated at the Federal Correctional Institution Otisville, brings

this pro se action under the Equal Credit Opportunity Act, 15 U.S.C. § 1691, alleging that

Defendant closed his accounts without notice or explanation.  By Order dated August 10, 2020,

the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in* forma

pauperis ("IFP").[1]

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service.  *Walker v. Schult*, 717 F.3d. 119, 123 n.6

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to

serve if the plaintiff is authorized to proceed IFP)).  Although Rule 4(m) of the Federal Rules of

Civil Procedure generally requires that the summons and complaint be served within 90 days of

the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the

summons and Complaint until the Court reviewed the Complaint and ordered that a summons be

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

issued.  The Court therefore extends the time to serve until 90 days after the date the summons is issued.  If the Complaint is not served within that time, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Capital One Bank (USA), N.A. through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this Defendant.  The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this Defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the Action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the address for Capital One Bank (USA), N.A., and deliver to the U.S. Marshals Service all documents necessary to effect service on this Defendant.

SO ORDERED.

Dated:   August 10, 2020
         White Plains, New York

_____
         KENNETH M. KARAS
       United States District Judge

## DEFENDANT AND SERVICE ADDRESS

Capital One Bank (USA), N.A.
1680 Capital One Drive
McLean, VA 22201